UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| VIETNAM FINEWOOD COMPANY LIMITED, FAR EAST AMERICAN, INC., AND INTERGLOBAL FOREST LLC, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Ct No. 20-155 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

# COMPLAINT

Vietnam Finewood Company Limited ("Finewood"), Far East American, Inc. ("FEA"), and InterGlobal Forest LLC ("IGF"), by their undersigned attorneys, hereby bring this civil action and allege the following:

## Parties

1. Finewood is a privately held company organized under the laws of Vietnam. Finewood produces hardwood plywood in Vietnam and exports hardwood plywood to the United States. Finewood is a party to an investigation initiated by U.S. Customs and Border Protection ("CBP") under 19 U.S.C. § 1517, the Enforce and Protect Act, or "EAPA," which provides for procedures for investigating claims of evasion of antidumping and countervailing duty orders. As the foreign producer and exporter of hardwood plywood, Finewood is an interested party in accordance with 19 U.S.C. § 1517(a)(6)(A)(i).

2. Finewood was in fact the main target of the allegation leading to the EAPA investigation at

1

issue here, EAPA Inv. No. 7252, although Finewood was not formally named in the Notice of Initiation of Investigation and Interim Measures (Nov. 20, 2018), available at https://www.cbp.gov/trade/trade-enforcement/tftea/enforce-and-protect-act-eapa/notices-action ("Notice of Initiation"). The allegation claimed that Finewood transshipped hardwood plywood from China to Vietnam and on to the United States thereby evading antidumping and countervailing duties imposed upon hardwood plywood from China. *See Certain Hardwood Plywood from the People's Republic of China: Antidumping Order*, 83 Fed. Reg 504 (Dept. Commerce, Jan. 4, 2018); *Certain Hardwood Plywood from the People's Republic of China: Countervailing Duty Order*, 83 Fed. Reg. 513 (Dept. Commerce, Jan. 4, 2018) (together: the "Orders").

3. FEA and IGF (together: "U.S. Importers") are U.S. importers of hardwood plywood manufactured by Finewood and were specifically named and targeted by CBP in the above referenced Notice of Initiation. U.S. Importers are thus interested parties in accordance with 19 U.S.C. § 1517(a)(6)(A)(i).

4. Defendant is the United States of America, acting by and through U.S. Customs and Border Protection ("CBP") and the U.S. Department of Commerce ("Commerce").

**Procedural Background**

5. On December 27, 2019, Finewood and U.S. Importers instituted an action in the Court of International Trade pursuant to 28 U.S.C. § 1581(i)(2) and (4) contesting (1) CBP's failure to conclude its EAPA Investigation within the statutory time frame provided for in 19 U.S.C. §§ 1517(c)(1)(A) & (B), and (2) CBP's untimely and frivolous scope referral to Commerce in the EAPA Investigation in which CBP is requesting clarification as to

whether 2-ply cores of Chinese origin, which are further processed in Vietnam to include the fact and back veneers, are within the scope of the Hardwood Plywood from China AD and CVD Orders. *See Vietnam Finewood Company Limited, et al. v. United States*, Court No. 19-218 (the "Initial Action" or "*Finewood I*"), ECF Doc. 5 ("Compl.") (Dec. 27, 2019) and ECF Doc. 13 ("Amended Compl.") (Jan. 13, 2020).

6. On February 14, 2020, Liberty Woods International, Inc. ("Liberty Wood"), a U.S. importer and party to the EAPA investigation, joined the Initial Action as plaintiff-intervenor. *See Finewood I*, Order Granting Liberty Wood's Motion to Intervene, ECF Doc. 31 (Feb. 14, 2020).

7. On March 16, 2020, the government moved to dismiss the Initial Action for lack of subject-matter jurisdiction, arguing that plaintiffs and plaintiff-intervenor "inappropriately attempted to invoke this Court's 28 U.S.C. § 1581(i) residual jurisdiction in challenging actions by CBP during the course of its ongoing investigation pursuant to [EAPA], prior to the issuance of a final determination. *Finewood I*, Def's Memorandum In Support of Its Motion to Dismiss at 1, ECF Doc 41.

8. On June 11, 2020, plaintiffs and plaintiff-intervenor each filed their Motion for Leave to File a Supplemental Complaint pursuant to USCIT Rule 15(d) in the Initial Action, and a draft Supplemental Complaint which included additional claims against Commerce's unlawful initiation of the scope inquiry, CBP's liquidation of Finewood's entries, and with an alternative count that Commerce's issuance of liquidation instructions to CBP regarding Finewood's entries violated Commerce's regulation that requires an existing suspension of liquidation to be continue suspended when it

initiates a formal scope inquiry. *Finewood I*, Pls' Mot. Supp. Compl., ECF Doc. 60; Pls' Draft Supp. Compl., ECF Doc. 60-1; LW's Mot. Supp. Compl, ECF Doc. 62; LW's Draft Supp. Compl., ECF Doc. 62-1.

9. On July 1, 2020, counsel for the government filed an extension of time to respond to plaintiffs' and plaintiff-intervenor's Motion for Leave to file a supplement complaint. *Finewood I*, ECF Doc. 63 at 2 ("The parties are discussing the possibility of partially stipulating to one of the claims in plaintiffs' and plaintiff-intervenor's supplemental complaint, namely, the allegation against [Commerce's] issuance of liquidation instructions."). On July 9, 2020, counsel for the government filed their response informing the Court that they do not oppose supplementation with respect to the alternative challenge to Commerce's liquidation instructions. *Id.*, Def.'s Resp. to Pls' and Pl-Inv's Mot. For Leave at 2, ECF Doc. 65. Government counsel explained that the partial stipulation for the alternative challenging would result in "voiding the liquidation of the entries, resetting the liquidated entries to an unliquidated status, and continuing to suspend the entries pending a final EAPA determination by CBP, without the need for adjudication of the merits." *Id.* at 2; *see also, Finewood I*, Slip Op. 20-106 (July 31, 2020) at 13 & footnote 7.

10. On July 14, 2020, the Court convened a teleconference with all of the parties in the Initial Action. On the call, the Court expressed serious concerns about the appropriateness of the government's actions, and appreciation that the parties were working towards a stipulation regarding the additional claims raised in the Supplemental Complaints. The Court also informed the parties of its intention to issue

an Order dismissing the action for lack of subject matter jurisdiction. *See Finewood I*, ECF Doc. 66.

11. On July 31, 2020, the Court issued an Opinion and Order in the Initial Action denying plaintiffs and plaintiff-intervenor's Motion for Leave to File a Supplemental Complaint and granting the government's Motion to Dismiss for lack of subject-matter jurisdiction. That same day, the Court entered a judgment dismissing the Initial Action. *Finewood I*, at ECF Doc. 67 & 68.

## **Jurisdiction**

12. This Court has jurisdiction in accordance with 28 U.S.C. § 1581(i)(2) (concerning tariffs and fees) and (4) (concerning the enforcement of the trade laws) to declare CBP's liquidation of U.S. Importers' entries of Finewood's merchandise unlawful and in violation of 19 U.S.C. §§ 1517(e)(1) & (2), and to declare that Commerce's instruction to liquidate entries of Finewood's merchandise erroneous and in violation of 19 C.F.R. §351.225(l)(1), which requires that where Commerce conducts a scope inquiry under paragraph (b) or (e) of the subsection, and the product in question is already subject to suspension of liquidation, that suspension of liquidation will be continued, pending a preliminary or a final scope ruling.

13. 28 U.S.C. § 1581(i)(2) confers jurisdiction on this Court for civil actions arising from U.S. laws providing for tariffs, duties, fees, and other taxes on the importation of merchandise (other than for raising of revenue). 19 U.S.C. §§ 1517(e)(1) & (2) requires CBP to suspend and extend liquidations of all unliquidated entries upon an affirmative interim determination. CBP has no authority to liquidate Finewood's entries after the affirmative

interim determination. However, in March 2020, during the pendency of *Finewood I* and before CBP concludes the EAPA investigation, CBP then prematurely liquidated all entries that are the subject of this litigation and has demanded immediate payment of alleged AD and CVD duties.

14. 28 U.S.C. § 1581(i)(4) confers jurisdiction on this Court for civil actions arising from U.S. laws providing for the administration and enforcement of the antidumping, countervailing duty, and evasion laws cited in 28 § 1581(c) – 19 USC §§ 1516a & 1517. CBP has undertaken its remedial actions expressly to enforce the AD/CVD laws in this instance.

15. Any future recourse to this Court upon the concluding of the EAPA investigation and under 19 U.S.C. § 1517(g) and 28 U.S.C. § 1581(c) is unavailable or manifestly inadequate because CBP has liquidated all of Plaintiffs' entries with AD and CVD duties, and 19 U.S.C. § 1517(g) and 28 U.S.C. § 1581(c) cannot provide the fundamental, decisive, and full relief sought by Plaintiffs, namely liquidation of the subject entries without regard to AD and CVD duties.

16. Moreover, notwithstanding Commerce's "self-initiated" inquiry in January of 2020, Commerce then issued liquidation instructions to CBP, in March 2020, to liquidate all of Finewood's entries. *See* Dep't Commerce, *Certain Hardwood Plywood From the People's Republic of China: Notice of Covered Merchandise Referral and Initiation of Scope Inquiry*, 85 Fed. Reg. 3,024 (Jan. 17, 2020).

17. Commerce's liquidation instructions are erroneous and in violation of 19 C.F.R. §351.225(l)(1), which requires Commerce to continue the suspension of liquidation of Finewood entries pending a preliminary or final scope ruling.

18. The Court has jurisdiction under 28 U.S.C. § 1581(i) to review Commerce's erroneous liquidation instructions.

19. Furthermore, any future recourse to this Court with respect to Commerce's scope determination under 19 U.S.C. § 1516a(a)(2)(B)(vi) and 28 U.S.C. § 1581(c) would also be unavailable or manifestly inadequate because CBP has liquidated the U.S. Importers' relevant entries of Finewood merchandise with AD and CVD duties, and 19 U.S.C. § 1516a(a)(2)(B)(vi) and 28 U.S.C. § 1581(c) cannot provide the fundamental, decisive, and full relief sought by Plaintiffs, namely liquidation of the subject entries without regard to AD and CVD duties.

20. Finewood and the U.S. Importers are adversely affected and aggrieved by CBP's action because the interim measure taken in accordance with 19 U.S.C. §1517(e) and 19 CFR § 165.24 were based on only a *reasonable suspicion* with no opportunity for Finewood and U.S. Importers to participate in EAPA Inv. No. 7252 until after the imposition of the interim measures. CBP's final determination on whether the covered merchandise was entered into the United States through evasion, on the other hand, must be based on *substantial evidence*.

21. Without a final determination on whether the covered merchandise was entered into the United States through evasion based on substantial evidence, CBP liquidated the relevant entries pursuant to Commerce's erroneous liquidation instructions, imposing AD and CVD duties of 206% *ad valorem* on the merchandise, and sent payment demand letters to the U.S. Importers.

**Standing**

22. Plaintiff Finewood is a foreign exporter of subject merchandise and participated in the investigation of a claim of evasion of antidumping and countervailing duty orders under 19 U.S.C. § 1517. Accordingly, Plaintiff is an interested party within the meaning of 19 U.S.C. § 1517(a)(6)(A)(i).

23. Plaintiffs FEA and IGF are U.S. importers of subject merchandise and participated as named targets in CBP's investigation of a claim of evasion of antidumping and countervailing duty orders under 19 U.S.C. § 1517. Accordingly, Plaintiffs are interested parties within the meaning of 19 U.S.C. § 1517(a)(6)(A)(i).

24. Plaintiffs have been adversely affected and aggrieved by agency action within the meaning of 5 U.S.C. § 702 because CBP has unlawfully liquidated the entries subject to this litigation with the assessment of AD and CVD duties without a determination of evasion supported by substantial evidence. Therefore, Plaintiffs have standing to bring this action under 28 U.S.C. § 2631(i) and 5 U.S.C. § 702 & § 704.

**Timeliness**

25. An action under 28 U.S.C. § 1581(i) must be commenced within two years after the cause of action first accrues. 28 U.S.C. § 2636(i).

26. On March 11, 2020 and March 19, 2020, Commerce sent liquidation instructions to CBP to liquidate all of entries exported by Finewood. On March 20, 2020 and March 27, 2020, CBP liquidated all of U.S. Importers' entries of imports of Finewood's merchandise that are subject to the ongoing CBP EAPA Investigation and Commerce's Scope Inquiry.

27. Plaintiffs' cause of action therefore first accrued on March 11, 2020, the date on which Commerce issued the first liquidation instruction. Thus, this action is timely filed.

### Facts

28. Commerce published its antidumping and countervailing duty orders on hardwood plywood from China on January 4, 2018. *Certain Hardwood Plywood from the People's Republic of China: Antidumping Order*, 83 Fed. Reg 504 (Dept. Commerce, Jan. 4, 2018); *Certain Hardwood Plywood from the People's Republic of China: Countervailing Duty Order*, 83 Fed. Reg. 513 (Dept. Commerce, Jan. 4, 2018) (together: the "Orders").

29. Commerce defined the scope of the Orders as follows:

> The merchandise subject to this investigation is hardwood and decorative plywood, and certain veneered panels as described below. For purposes of this proceeding, hardwood and decorative plywood is defined as a generally flat, multilayered plywood or other veneered panel, **consisting of two or more layers or plies of wood veneers <u>and</u> a core**, with the face and/or back veneer made of non-coniferous wood (hardwood) or bamboo. The veneers, along with the core may be glued or otherwise bonded together. Hardwood and decorative plywood may include products that meet the American National Standard for Hardwood and Decorative Plywood, ANSI/HPVA HP-1-2016 (including any revisions to that standard).
>
> For purposes of this investigation a "veneer" is a slice of wood regardless of thickness which is cut, sliced or sawed from a log, bolt, or flitch. **The face and back veneers are the outermost veneer of wood on either side of the core** irrespective of additional surface coatings or covers as described below.
>
> **The core of hardwood and decorative plywood consists of the layer or layers of one or more material(s) that are situated between the face and back**

**veneers**. The core may be composed of a range of materials, including but not limited to hardwood, softwood, particleboard, or medium-density fiberboard (MDF).

*Id.* at Appendix. {Emphasis added}. The scope of the Orders makes clear that the subject merchandise <u>must</u> consist of at least two plies <u>and a core</u>. A two-ply substrate is not within the scope of the Orders.

30. On July 9, 2018, Plywood Source, LLC ("Plywood Source") filed an allegation with CBP claiming that certain U.S. Importers imported hardwood plywood from Vietnam into the United States that was produced in China and transshipped from China to Finewood in Vietnam, thereby evading antidumping and countervailing duties imposed under the Orders.

31. CBP acknowledged receipt of Plywood Sources' allegations as of July 25, 2018 and initiated EAPA Inv. No. 7252 on August 15, 2018.

32. Between August 15, 2018 and November 13, 2018, CBP conducted a secret investigation of Finewood based on Plywood Sources' allegations. Neither Finewood nor the U.S. Importers were made aware of CBP's secret investigation, and none were given an opportunity to defend against Plywood Sources' allegations or CBP's initial interpretations of same.

33. On November 13, 2018, pursuant to 19 U.S.C. §1517(e) and 19 CFR § 165.24 and with no prior notice at that time to the U.S. Importers or Finewood, CBP took interim measures against the U.S. Importers directing that all unliquidated entries of imported merchandise under this investigation that entered the United States as not subject to AD CVD duties

were to be changed to Type 03 entries subject to AD CVD duties, and suspending liquidations of these entries.

34. CBP notified the U.S. Importers and Finewood on November 20, 2018 that CBP had taken the interim measures described above, noting that CBP need only have sufficient evidence to support a reasonable suspicion that merchandise subject to an AD duty or CVD order was entered into the United States by the U.S. Importers by a material false statement or act, or material omission, that resulted in the reduction or avoidance of applicable AD/CVD cash deposits or other security. *See* CBP Notice of Initiation.

35. Between November 20, 2018 and May 3, 2019, Finewood responded to five CBP requests for information. The U.S. Importers also responded to several substantial CBP requests for information concerning their imports from Finewood.

36. On May 16-17, 2019, as part of the EAPA investigation, several CBP officers visited Finewood in Vietnam to verify Finewood's and the U.S. Importers' voluminous responses to CBP's requests for information. The CBP officers closely observed the entire production process from veneer to finished plywood. They also inspected two-ply substrate stock that was the foundational evidence underlying the evasion allegation.

37. On August 9, 2019, Finewood and the U.S. Importers each submitted case briefs to CBP, noting that Finewood had submitted all of its production and sales records related to the sales to the five importers under investigation and other U.S. customers not under investigation. A team of CBP auditors successfully verified the completeness and accuracy of these records on-site at Finewood's manufacturing plant in Vietnam, as noted above. As such, Plaintiffs maintained that the alleger had not met its burden to provide substantial

evidence of a transshipment of Chinese plywood covered by the scope of antidumping duty and countervailing duty orders on such merchandise; nor has CBP developed substantial evidence of such a transshipment or evasion of those orders. Accordingly, Finewood and its importers submitted that CBP should issue a negative final finding in this evasion investigation.

38. In its case brief, Finewood commented at length based on both the facts of this case as well as legal argument that the two-ply core that Finewood imported from China was not hardwood plywood covered by the Scope of the Orders. Finewood Case Brief (Aug. 9, 2019) at 12-17. Finewood noted that both U.S. Customs and the World Customs Organization responsible for developing and maintaining the Harmonized Tariff Schedule define plywood as requiring at least three plies. The Explanatory Notes (ENs) to the Harmonized Tariff Schedule, published by the World Customs Organization ("WCO") and relied upon by CBP in classifying products, define "Plywood" as "consisting of three or more sheets of wood glued and pressed one on the other and generally disposed so that the grains of successive layers are at an angle." *See*, *e.g.*, CBP Ruling N265846 (July 26, 2015) (discussing the ENs' three-layer requirement in classifying plywood); CBP Ruling N295153 (April 6, 2018) (discussing the ENs' three-layer requirement in classifying an 11-ply plywood).

39. The alleger did not raise such issues in its case brief and failed to file a rebuttal brief entirely. In sum, the issue raised by CBP in its scope referral was not at all the basis of the allegation or a concern raised therein.

40. CBP's final determination in EAPA Inv. 7252 was due on September 16, 2019. CBP must

notify parties to the proceeding of its final decision within five business days, in this case, by September 23, 2109. *See* 19 U.S.C. § 1517(c)(4). Instead, Finewood received an email notice from CBP on September 25, 2019 that, pursuant to EAPA regulation 19 CFR §165.16, CBP had referred the matter to Commerce for a scope determination. *See also* 19 U.S.C. § 1517(b)(4). CBP's email dated September 25, 2019 did not provide the scope referral itself nor any information on the nature of the scope referral.

41. Only on November 1, 2019 did Finewood finally receive an undated copy of CBP's scope referral that summarized the issue that CBP referred to Commerce. No addressee was indicated on the scope referral.

42. On January 13, 2020, after commencement of this litigation, Commerce initiated a scope inquiry, allegedly based on CBP's scope referral although Commerce indicated in its initiation notice that the scope inquiry was "self-initiated." *See* Dep't Commerce, *Certain Hardwood Plywood From the People's Republic of China: Notice of Covered Merchandise Referral and Initiation of Scope Inquiry*, 85 Fed. Reg. 3024 (Jan. 17, 2020) ("DOC Notice"). Commerce set May 18, 2020 as the deadline for its final determination in the scope inquiry, but gave notice that it could extend this deadline, if necessary.

43. On January 21, 2020, Commerce made available to the public under cover of a memorandum concerning "Placement of Covered Merchandise Referral Documents on the Record" a second version of CBP's November 1, 2019 scope referral, including a date, addressee, and revisions to the referral.

44. CBP's scope referral to Commerce relied on the following facts: Finewood produced finished plywood, importing two-ply panels from China under HTSUS 4412; Finewood

outsourced some of the Chinese veneer to tollers in Vietnam to "develop" the Chinese cores; Finewood applied hardwood face and back veneer to the self-produced or tolled cores and exported the finished plywood to the United States.

45. On March 11, 2020 and March 19, 2020, Commerce sent instructions to CBP to liquidate entries of Finewood's merchandise "at the cash deposit rate required at the time of entry". Commerce's instructions were in violation of 19 C.F.R. §351.225(l)(1), which requires Commerce to continue suspension of liquidation of entries that are already subject to suspension of liquidation during a pending scope inquiry.

46. On March 12, 2020, as part of its scope inquiry, Commerce issued a questionnaire to Finewood, duplicating CBP's requests for information in EAPA Inv. No. 7252, and to which Finewood responded on April 9, 2020 and April 23, 2020.

47. On March 20, 2020, CBP began liquidating the U.S. Importers' entries of Finewood's merchandise assessing AD and CVD duties of 206%, in accordance with Commerce's instructions.

48. On April 17, 2020, Plaintiffs alerted CBP to these premature liquidations, to which CBP replied that it had received instructions from Commerce and was required to follow Commerce's instructions.

49. On April 23, 2020, Plaintiffs wrote to Commerce requesting that Commerce issue instructions to CBP to reverse liquidation of entries of merchandise produced by Finewood and further suspend liquidation of these entries, to which Commerce replied on May 18, 2020 that it had no legal authority to direct CBP to re-suspend liquidated entries.

50. On June 17, 2020, Commerce initiated an anti-circumvention and scope inquiry in accordance with 19 U.S.C. § 1677j(b) covering all imports of hardwood plywood from Vietnam. *See Certain hardwood Plywood Products From the People's Republic of China: Initiation of Anti-Circumvention Inquiries and Scope Inquiries on the Antidumping Duty and Countervailing Duty Orders; Vietnam Assembly*, 85 Fed. Reg. 36,530 (June 17, 2020).

51. In its anti-circumvention initiation notice, Commerce aligned the deadlines for the EAPA 7252 Scope Inquiry with its anti-circumvention inquiry, even though CBP's EAPA scope referral makes no reference to circumvention of the Order, and the scope of Commerce's new anti-circumvention inquiry is much broader than CBP's question in its scope referral.

52. Additionally, on June 22, 2020, in the EAPA Scope Inquiry Segment, Commerce issued a letter restating that the final determination of the EAPA scope inquiry deadline is aligned with the anti-circumvention inquiry deadline, *i.e.*, to April 5, 2021.

53. In accordance with 19 U.S.C. § 1677j(f), Commerce must complete its anti-circumvention inquiry within 300 days, or, in this case, by April 5, 2021. The statute allows, however, that Commerce must follow this provision only to the "maximum extent practicable," and, in practice, Commerce routinely extends the 300-day deadline. Thus, in total, Commerce opened three separate proceedings as a result of CBP's alleged scope referral regarding plywood manufactured in Vietnam from various core substrates.

## COUNT I

54. The allegations of paragraphs 1 through 53 are restated and incorporated herein by

reference.

55. CBP's lifting of suspension and liquidation of Finewood's entries were unlawful in violation of 19 U.S.C. § 1517(e)(1)&(2), which provides that CBP must suspend liquidation of unliquidated entries and extend the period for liquidating entries of merchandise covered by an EAPA investigation. CBP's unlawful liquidation of entries removes the basis for both CBP's EAPA Inv. 7252 as well as Commerce's EAPA scope inquiry.

56. The Court has jurisdiction under 28 U.S.C. § 1581(i) to order CBP to reset the liquidation. The Court's 1581(c) jurisdiction to review Plaintiffs' future challenges against CBP's EAPA final determination under 19 U.S.C. § 1517(g) and against Commerce's scope determination under 19 U.S.C. § 1516a(a)(2)(B)(vi) will be unavailable to Plaintiffs when the entries are liquidated. The Court of Appeals' and this Court's precedents clearly state that liquidation moots interested party's challenge to Commerce's scope determination under 19 U.S.C. § 1516a. In *Carbon Activated Corp.*, the Court of Appeals reiterated the *Zenith Radio* line of cases:

> [A]s we explained in *Zenith Radio Corp. v. United States*, 710 F.2d 806 (Fed. Cir. 1983), a party must secure a preliminary injunction barring liquidation. **If no such injunction is entered and the entries are liquidated, the challenge to Commerce's antidumping order becomes moot**. *See id.* at 810 (holding that liquidation would cause irreparable harm because it would render court powerless to grant an effective remedy); *see also Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187, 1190 (Fed. Cir. 2009) ("Subsequent case law has interpreted *Zenith* to establish a general rule that, **at least in the context of judicial review under 19 U.S.C. § 1516a, liquidation moots a party's claims pertaining to the liquidated entries.**").

*Carbon Activated Corp. v. United States*, 791 F.3d 1312, 1315 (emphasis supplied). As such, without a Court-ordered resuspension of liquidation, Plaintiffs' remedy under 1581(c) against Commerce's scope determination and CBP's EAPA final determination will be unavailable to Plaintiffs.

## **COUNT II**

57. The allegation of paragraphs 1 through 56 are restated and incorporated herein by reference.

58. Commerce's liquidation instructions are erroneous because they violated 19 C.F.R. §351.225(l)(1), which requires that where Commerce conducts a scope inquiry under paragraph (b) or (e) of the subsection, and the product in question is already subject to suspension of liquidation, that suspension of liquidation will be continued, pending a preliminary or a final scope ruling.

59. It is well established that judicial review of liquidation instructions issued by Commerce are reviewed under the Court's residual jurisdiction authority under section 1581(i). *See Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1304-05, 1309 (Fed. Cir. 2004) (concluding that § 1581(i) jurisdiction is available for plaintiff challenging Commerce's instructions on the ground that they do not correctly implement the published, amended administrative review results); *Consol. Bearings Co. v. U.S.*, 348 F.3d 997, 1002 ("[A]n action challenging Commerce's liquidation instructions is not a challenge to the final results, but a challenge to the 'administration and enforcement' of those final results. . . . Thus, . . . [s]ection 1581(i)(4) grants jurisdiction to such an action.").

60. Likewise, Commerce's liquidation instructions resulted in liquidations that foreclose the standard path to appeal by Plaintiffs of any adverse affirmative scope or anticircumvention finding under 28 U.S.C. § 1581(c) for the reason set forth in paragraph 56, above.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment from the Court:

(1) Declaring CBP's liquidation of covered entries unlawful; and

(2) Declaring Commerce's liquidation instructions related to the Finewood entries and resulting liquidations to be erroneous and invalid; and

(3) Ordering Commerce and CBP immediately unset the liquidations and resuspended all of plaintiffs' entries until a final scope ruling and conclusive determination is issued in EAPA Inv. No. 7252, including all appeals of CBP's and Commerce's final determination; and

(4) Granting Plaintiffs such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
Alexandra H. Salzman
J. Kevin Horgan
**deKieffer & Horgan, PLLC**
Suite 410
1090 Vermont Ave., N.W. 20005
Tel: (202) 783-6900
Fax: (202) 783-6909
email: gmenegaz@dhlaw.com

Dated: August 14, 2020